UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH TAITT, | Case No. 09-12576 |
| Plaintiff, | Bernard A. Friedman |
| v. | United States District Judge |
| SECRETARY, DEPARTMENT OF TREASURY, | Michael Hluchaniuk United States Magistrate Judge |
| Defendant. _____/ | |

**REPORT AND RECOMMENDATION
PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (Dkt. 2)**

**I.    PROCEDURAL HISTORY**

The complaint in this matter was filed on July 1, 2009. (Dkt. 1). The complaint, generally, describes a series of events in which the Internal Revenue Service (IRS) apparently attempted to collect a tax debt allegedly owed by a "dissolved" corporation known as Smash Wrecking, Inc. (Dkt. 1, p. 3). The attempts to collect the debt by the IRS included taking plaintiff's personal tax refund in 2005 and filing levies against property owned by Make Way Construction, LLC., an entity with which plaintiff claims to be "affiliated." The IRS pursued the matter against Make Way Construction, LLC based on the theory

that Make Way was the alter ego, nominee or transferee of Smash Wrecking. Plaintiff alleged various errors on the part of the IRS with respect to assessing and collecting the tax debt of Smash Wrecking.  (Dkt. 1, pp. 3-5).  Plaintiff seeks injunctive relief and money damages from defendant.  (Dkt. 1, p. 9).

Plaintiff also filed a motion for preliminary injunctive relief on July 1, 2009. (Dkt. 2).  In her motion, plaintiff asks that the defendant "cease and desist all collection activities against Make Way Construction, LLC" and that defendant be ordered to "return all property plus interest to, and withdraw all liens and levies from the property of Make Way Construction, LLC, the designated alter ego/nominee or transferee of Smash Wrecking, Inc."  (Dkt. 2, p. 5).  The various entities associated with service of process on the federal government appear to have been served, but no written response is yet due from defendants.  (Dkt. 4-6, 8).

Due to plaintiff's request for temporary injunctive relief a hearing was scheduled prior to the time the defendant would normally be required to respond to the complaint.  (Dkt. 7).  That hearing was held on August 5, 2009, via telephone conference call.  Plaintiff argued that she was entitled to relief due to errors made by the IRS in their attempts to collect the taxes alleged owned by

Smash Wrecking, Inc. Counsel representing the government argued that plaintiff should not be able to represent any entities other than herself and that the relief she was requesting was barred by the anti-injunction act.

## II. ANALYSIS AND CONCLUSIONS

Plaintiff seeks preliminary injunctive relief. The factors the court should consider in granting such relief include: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent a stay; (3) whether granting the stay would cause substantial harm to others; and (4) whether the public interest would be served by granting the stay. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

In addressing the likelihood of success on the merits, the first issue relates to exactly what claims plaintiff is able to proceed on. Plaintiff has brought the action in her own name but seeks relief on behalf of a limited liability company named Make Way Construction, LLC. Plaintiff claims to be an "affiliate" of Make Way Construction. However, the Supreme Court has recognized that federal law requires that "corporations, partnerships, or associations" or any "artificial entity" appear in federal courts only through counsel. *Rowland v. California Men's*

*Colony*, 506 U.S. 194, 202 (1993). Limited liability companies have been determined to be a type of artificial entity such that the interests of that entity be represented in federal court only through counsel. *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). In that plaintiff cannot advocate the interests of Make Way Construction, LLC in this Court, and it is only the interests of that entity that are addressed in the motion for injunctive relief, she has failed to demonstrate a strong likelihood of success on the merits as to any claims relating to Make Way Construction, LLC.

Furthermore, plaintiff seeks to prohibit the IRS from pursuing collection efforts for unpaid taxes. This relief is prohibited under the Anti-Injunction Act, 26 U.S.C. § 7421. The proper remedy for this requested relief is a suit for refund. *Jenkins v. Rucker*, 2005 WL 646715 (6th Cir. 2005). Even if plaintiff could properly pursue the interests of Make Way Construction, LLC, in this Court, her request would be barred by the Anti-Injunction Act. This factor would also demonstrate a clear inability to succeed on the merits of this case. In light of the complete failure on plaintiff's part to demonstrate a strong likelihood of success on the merits it is not necessary to consider the other factors associated with the propriety of issuing injunctive relief.

### III.   RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that plaintiff's motion for injunctive relief be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the

5

Report and Recommendation
Motion for Injunctive Relief
*Taitt v. Sec'y*; 09-12576

objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
| Date: August 17, 2009 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

### CERTIFICATE OF SERVICE

I certify that on August 17, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Christina L. Medzius, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: Deborah Taitt, 18420 Wildemere, Detroit, MI 48221.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov