UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH TAITT,

      Plaintiff,

v.

SECRETARY, DEPARTMENT
OF TREASURY,

      Defendant.
_____/

Case No. 09-12576

Bernard A. Friedman
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

# REPORT AND RECOMMENDATION
# MOTIONS FOR RELEASE OF FUNDS (Dkt. 17), PARTIAL
# SUMMARY JUDGMENT (Dkt. 18), AND TO DISMISS, (Dkt. 16)

## I. PROCEDURAL HISTORY

The complaint in this matter was filed on July 1, 2009. (Dkt. 1). The complaint, generally, describes a series of events in which the Internal Revenue Service (IRS) apparently attempted to collect a tax debt allegedly owed by a "dissolved" corporation known as Smash Wrecking, Inc. (Dkt. 1, p. 3). The attempts to collect the debt by the IRS included taking plaintiff's personal tax refund in 2005 and filing levies against property owned by Make Way Construction, LLC., an entity with which plaintiff claims to be "affiliated." The IRS pursued the matter against Make Way Construction, LLC based on the theory that Make Way was the alter ego, nominee or transferee of Smash Wrecking.

1

Report and Recommendation
Motions to Release Funds, Summary Judgment, and Dismissal
*Taitt v. Sec'y*; 09-12576

Plaintiff alleged various errors on the part of the IRS with respect to assessing and collecting the tax debt of Smash Wrecking. (Dkt. 1, pp. 3-5). Plaintiff seeks injunctive relief and money damages from defendant. (Dkt. 1, p. 9). Plaintiff's motion for injunctive relief was previously denied by the Court. (Dkt. 10, 14).

## II.  MOTIONS OF THE PARTIES

### A.  Plaintiff's Motion for Release of Funds

Plaintiff brings a motion for partial release of funds. (Dkt. 17). In these motions, plaintiff claims to be a "partner" of Make Way Construction and thus claims to have the capacity to sue under Federal Rule of Civil Procedure 17(b). She claims that defendant has levied the income of Make Way, resulting in damages and the shut-off of the utility service at real property owned by Make Way. She requests that the Court issue an order requiring defendant to pay Detroit Edison so that the utility services at the property can be turned back on. Defendant argues that plaintiff is merely reasserting her motion for injunctive relief, which was already denied by the Court.

### B.  Plaintiff's Motion for Partial Summary Judgment

In her motion for partial summary judgment (Dkt. 18), plaintiff also makes the argument that a partnership has the capacity to sue under Rule 17(b) and that the Internal Revenue Code provides that a person whose interest in a property has been wrongfully levied may bring suit in federal court. In her complaint, plaintiff

2

Report and Recommendation
Motions to Release Funds, Summary Judgment, and Dismissal
*Taitt v. Sec'y*; 09-12576

noted that the "taxpayer" was a dissolved corporation, which is analogous to death. Thus, since the original taxpayer has "died," the plaintiff brings suit as an ex-officer of Smash Wrecking. Plaintiff claims that the IRS wrongfully levied against Make Way as the nominee/transferee of Smash Wrecking. Plaintiff requests the removal of the lien, the return of property taken by the IRS, and a letter from the IRS to the creditors of Make Way, explaining the error. (Dkt. 18).

In response, defendant argues that the assessment was timely and properly made, that plaintiff's claims are frivolous and lack any basis in the law, and that she cannot represent the interests of a limited liability company in federal court. Defendant also argues that the Court lacks subject matter jurisdiction, as discussed more fully in its own motion to dismiss.

    C.    <u>Defendant's Motion to Dismiss</u>

In its motion to dismiss, defendant argues that this Court lacks subject matter jurisdiction based on principles of sovereign immunity and that plaintiff's damages claims are barred by the Federal Tort Claim Act. (Dkt. 16). In addition, defendant argues that, as previously determined in the report and recommendation adopted by the District Court, plaintiff's request for injunctive relief is barred by the Anti-Injunction Act. Defendant also argues that the Court lacks jurisdiction over plaintiff's claims under the Privacy Act.

3

Report and Recommendation
Motions to Release Funds, Summary Judgment, and Dismissal
*Taitt v. Sec'y*; 09-12576

In response, plaintiff argues that she exhausted all administrative remedies and that the Court has jurisdiction over her claims. Among other arguments, plaintiff claims that there were several violations of due process throughout the audit examination and collection process. And, according to plaintiff, after the issuance of the 30 day letter in 2003, Smash Wrecking, Inc. filed a timely request for appeal and review. However, the appeal process was never completed and there are no records of any findings. According to plaintiff, the lien filed against Make Way Construction as an alter ego/nominee or transferee of Smash Wrecking was done with total disregard for procedure and law and the failure to provide Make Way with a Notice of Liability and an opportunity to petition the Tax Court resulted in a denial of Make Way's due process rights.

In reply, defendant asserts that plaintiff did not address the subject matter jurisdiction issues raised in the original motion, but noted that it was investigating plaintiff's claim of exhaustion. Defendant also pointed out that plaintiff was not permitted to represent the interests of Smash Wrecking or Make Way Construction in federal court, as previously determined by the Court.

D. <u>Hearing and Supplemental Briefs</u>

The Court held a hearing on the foregoing motions on December 1, 2009. The motions were taken under advisement. Plaintiff was permitted to file a

Report and Recommendation
Motions to Release Funds, Summary Judgment, and Dismissal
*Taitt v. Sec'y*; 09-12576

supplemental brief on the issue of her standing to being this claim by December 8, 2009 and defendant was permitted to respond by December 15, 2009.

In plaintiff's supplemental response, she asserts that Make Way (a limited liability company formed pursuant to Michigan law) was a "partnership" for federal tax purposes and therefore, since she is a "member" of the limited liability company, as a "partner," she can represent Make Way's interest in this lawsuit. (Dkt. 32). As to Smash Wrecking, plaintiff asserts that Michigan's "dead man's rule" found in Mich. Comp. Laws. § 600.2166 applies because it is a dissolved corporation. She also asserts that the tax liability at issue belongs to Smash Wrecking and that, while the IRS claims that the property currently owned by Make Way was owned by Smash Wrecking at the time the taxes were assessed, the government has not provided any evidence of this allegation. (Dkt. 32). Plaintiff also asserts a host of other arguments regarding the alleged wrongful assessment and levy process.

In response, the government reiterates its position that the plaintiff cannot represent the interests of a limited liability company and that she waived her right to object to this finding by failing to object to the report and recommendation previously issued by the undersigned. Defendant also asserts that plaintiff has cited no law that alters the requirement of 28 U.S.C. § 1654 for a limited liability company and that this statute does not provide an exception based on a claim of

5

Report and Recommendation
Motions to Release Funds, Summary Judgment, and Dismissal
*Taitt v. Sec'y*; 09-12576

limited financial resources. The Sixth Circuit held that "there are three prerequisites for establishing a § 7426 waiver of sovereign immunity. First, the person asserting the wrongful levy claim must not be one against whom the tax is assessed. Second, that person must claim a legally cognizable interest in the property. Finally, the property must have been wrongfully levied upon." *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996). Here, plaintiff states that she filed the complaint as an individual and ex-officer of Smash Wrecking, Inc. As set forth above, Smash Wrecking, the taxpayer, cannot bring a wrongful levy claim. 26 U.S.C. § 7426(a)(1). According to defendant, plaintiff has no interest, as an individual, in the property, and therefore, cannot bring a wrongful levy claim. *Id.* While Make Way Construction, LLC, may have standing to pursue a wrongful levy claim, plaintiff, as an individual, does not have standing because she has no legally protected interest in the property. And, to the extent that Make Way Construction may have standing to file a wrongful levy claim, the LLC must be represented by an attorney in federal court.

## III. ANALYSIS AND CONCLUSIONS

In the Report and Recommendation previously issued by the undersigned, and adopted by the District Court, it was noted that plaintiff brought this action in her own name but seeks relief on behalf of a limited liability company named Make Way Construction, LLC. (Dkt. 10). Plaintiff claimed to be an "affiliate" of

6

Report and Recommendation
Motions to Release Funds, Summary Judgment, and Dismissal
*Taitt v. Sec'y*; 09-12576

Make Way Construction. *Id*. However, the Supreme Court has recognized that federal law requires that "corporations, partnerships, or associations" or any "artificial entity" appear in federal courts only through counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). Limited liability companies have been determined to be a type of artificial entity such that the interests of that entity be represented in federal court only through counsel. *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). The undersigned concluded that, because plaintiff could not advocate the interests of Make Way in this Court, and only the interests of that entity were addressed in the motion for injunctive relief, plaintiff had failed to demonstrate a strong likelihood of success on the merits as to any claims relating to Make Way. (Dkt. 10).

Fundamentally, the undersigned suggests that, no matter how plaintiff chooses to dress it up, her claims are being asserted on behalf of a limited liability company and the assertion of such claims on its behalf, as set forth in the undersigned's earlier report and recommendation, is not permitted without counsel. Plaintiff's argument that Make Way is a "partnership" for federal tax purposes, and that, as a "partner," she can bring its claims, does not change this conclusion. Under Michigan law, a limited liability company is designed to achieve the best of all worlds for some persons; the limited liability of a corporation plus the favorable tax treatment of a partnership. *Int'l Flavors and Textures, LLC v. Gardner*, 966 F.

7

Report and Recommendation
Motions to Release Funds, Summary Judgment, and Dismissal
*Taitt v. Sec'y*; 09-12576

Supp. 552, 553 (W.D. Mich. 1997), citing, Teresa Mosely Sebastian, *The Michigan Limited Liability Company Act: A Viable Alternative for Michigan Business?* 1993 Det. C.L.Rev. 151 (1993); Michael Indenbaum and Jeff Adelman, *Limited Liability Partnerships: Another Choice of Entity for Michigan Business*, 74 Mich. B.J. 946 (1995). Under IRS regulations,[1] limited liability companies choose whether to be taxed, at the federal level, as a corporation or a partnership. Nothing in these regulations, or how an entity chooses to be taxed, changes the essential nature of an artificial entity or how it is organized under state law, and plaintiff has provided no authority to the contrary.

The Michigan Limited Liability Company Act also provides that a member of the limited liability company can sue on behalf of the company under only very limited circumstances,[2] which are not present here and plaintiff has neither asserted

---

[1] Effective January 1, 1997, the Treasury Department adopted a "check-the-box" tax classification regime. Carter G. Bishop and Daniel S. Kleinberger, *Limited Liab. Co. ¶ 1.01*, citing, 26 C.F.R. § 301.7701-3. Under "check-the-box," each domestic entity, other than one organized pursuant to a corporate or joint stock statute, determines its own tax status simply by checking or not checking a box. *Id.* Unless an unincorporated organization elects otherwise, it will be taxed as a partnership. *Id.*

[2] Mich. Comp. Laws § 450.4510 provides: that a "member may commence and maintain a civil suit in the right of a limited liability company if all of the following conditions are met:
(a) Either management of the limited liability company is vested in a manager or managers who have the sole authority to cause the limited liability company to sue in its own right or management of the limited liability company is reserved to the members but the plaintiff does not have the authority to cause the

8

Report and Recommendation
Motions to Release Funds, Summary Judgment, and Dismissal
*Taitt v. Sec'y*; 09-12576

nor offered any proof that such circumstances exist. Mich. Comp. Laws § 450.4510.

The undersigned suggests that nothing in the Michigan Limited Liability Company Act or the federal "check-the-box" regulations alters the law providing that artificial entities must proceed with counsel in federal court. As noted previously, the Supreme Court has recognized that federal law requires that "corporations, partnerships, or associations" or any "artificial entity" appear in federal courts only through counsel. *Rowland*, 506 U.S. at 202. Limited liability companies are included as a type of artificial entity such that the interests of that

---

limited liability company to sue in its own right under the provisions of an operating agreement.
    (b) The plaintiff has made written demand on the managers or the members with the authority requesting that the managers or members cause the limited liability company to take suitable action.
    (c) Ninety days have expired from the date the demand was made unless the member has earlier been notified that the demand has been rejected or unless irreparable injury to the limited liability company would result by waiting for the expiration of the 90-day period.
    (d) The plaintiff was a member of the limited liability company at the time of the act or omission of which he or she complains, or his or her status as a member devolved upon him or her by operation of law or pursuant to the terms of an operating agreement from a person who was a member at that time.
    (e) The plaintiff fairly and adequately represents the interests of the limited liability company in enforcing the right of the limited liability company.
    (f) The plaintiff continues to be a member until the time of judgment, unless the failure to continue to be a member is the result of action by the limited liability company in which the former member did not acquiesce and the derivative proceeding was commenced prior to the termination of the former member's status as a member."

Report and Recommendation
Motions to Release Funds, Summary Judgment, and Dismissal
9
*Taitt v. Sec'y*; 09-12576

entity be represented in federal court only through counsel. *Lattanzio*, 481 F.3d at 140. Plaintiff has simply failed to establish that she can, individually, bring suit on behalf of either limited liability company at issue.

The undersigned suggests that, based on the foregoing, plaintiff's motions should be denied and defendant's motion to dismiss should be granted. The undersigned further suggests that the Court need not determine which, if any, of the theories or claims asserted by plaintiff this Court has or might have jurisdiction over, since any viable claim must be brought in the name of the limited liability company and through counsel.

### III. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that plaintiff's motions for partial summary judgment and release of funds be **DENIED** and that defendant's motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

10
Report and Recommendation
Motions to Release Funds, Summary Judgment, and Dismissal
*Taitt v. Sec'y*; 09-12576

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
| Date: March 10, 2010 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

11

Report and Recommendation
Motions to Release Funds, Summary Judgment, and Dismissal
*Taitt v. Sec'y*; 09-12576

# CERTIFICATE OF SERVICE

I certify that on March 10, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Christina Medzius Bixby, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: Deborah Taitt, 18420 Wildemere, Detroit, MI 48221.

            s/Tammy Hallwood
            Case Manager
            U.S. District Court
            600 Church Street
            Flint, MI 48502
            (810) 341-7887
            tammy_hallwood@mied.uscourts.gov

12

Report and Recommendation
Motions to Release Funds, Summary Judgment, and Dismissal
*Taitt v. Sec'y*; 09-12576