UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH TAITT,

    Plaintiff,                                              Civil Action No. 09-CV-12576

vs.                                                        HON. BERNARD A. FRIEDMAN

SECRETARY, DEPARTMENT
OF TREASURY,

    Defendant.
_____/

## ORDER ACCEPTING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is presently before the court on defendant's motion to dismiss [docket entry 16]. This motion, which has been fully briefed, was referred to Magistrate Judge Michael Hluchaniuk for report and recommendation ("R&R"). Magistrate Judge Hluchaniuk conducted a hearing and permitted the parties to submit additional briefs. In his R&R, Magistrate Judge Hluchaniuk recommends that defendant's motion be granted on the grounds that plaintiff, who is not an attorney, may not represent either of the corporate entities whose tax obligations she is challenging. Plaintiff filed objections to this R&R, defendant responded to plaintiff's objections, and plaintiff replied to defendant's response.

For the reasons explained in the R&R, and in an earlier R&R dealing with plaintiff's motion for a preliminary injunction, defendant is entitled to dismissal of the complaint because plaintiff, who is not a lawyer, may not represent corporate entities. This clear and oft-repeated rule was articulated quite emphatically in *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201-203 (1993), where the Supreme Court stated:

    It has been the law for the better part of two centuries . . . that a

corporation may appear in the federal courts only through licensed counsel. *Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); see *Turner v. American Bar Assn.*, 407 F.Supp. 451, 476 (ND Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel), *affirmance order sub nom. Taylor v. Montgomery*, 539 F.2d 715 (Table) (CA7 1976), and *aff'd sub nom. Pilla v. American Bar Assn.*, 542 F.2d 56 (CA8 1976). As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney. *See, e.g., Eagle Associates v. Bank of Montreal*, 926 F.2d 1305 (CA2 1991) (partnership); *Taylor v. Knapp*, 871 F.2d 803, 806 (CA9) (nonprofit corporation formed by prison inmates), *cert. denied*, 493 U.S. 868, 110 S.Ct. 192, 107 L.Ed.2d 146 (1989); *Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20, 22 (CA2 1983) (corporation); *Richdel, Inc. v. Sunspool Corp.*, 699 F.2d 1366 (CA Fed.1983) (per curiam) (corporation); *Southwest Express Co. v. ICC*, 670 F.2d 53, 55 CA5 1982) (per curiam) (corporation); *In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (CA1 1976) (per curiam) (corporation); *Strong Delivery Ministry Assn. v. Board of Appeals of Cook County*, 543 F.2d 32, 34 (CA7 1976) (per curiam) (corporation); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (CA6 1969) (per curiam) (corporation); *Simbraw, Inc. v. United States*, 367 F.2d 373, 374 (CA3 1966) (per curiam) (corporation).

The Sixth Circuit has recognized this rule, *see, e.g., Dimercurio v. Comm'r of Internal Revenue*, 2008 WL 5784519 (6th Cir. June 16, 2008) (trust cannot be represented a trustee); *Harris v. Akron Dep't of Public Health*, 10 Fed.Appx. 316, 319 (6th Cir. 2001) (corporation cannot be represented by its president); as has this court, *see, e.g., United States Sec. and Exch. Comm'n v. Merklinger*, 2009 WL 3498721 (E.D. Mich. Oct. 26, 2009 (LLC must be represented by counsel); *Alpine Mortgage Corp. v. Asher Worldwide Enters., L.L.C.*, 2007 WL 1499987 (E.D. Mich. May 22, 2007) (same); *Epicentre Strategic Corp.-Mich. v. Cleveland Constr., Inc.,* 2007 WL 715297 (E.D. Mich. Mar. 7, 2007) (same); *T.C. Bible Inst. v. City of Westland*, 2005 WL 2417634 (E.D. Mich. Sept. 30,

2005) (noting that *Rowland* applies to all artificial entities).

Application of this rule to the present case is straightforward. Plaintiff, a layperson, simply may not represent the interests of Smash Wrecking, Inc., or Make Way Construction, LLC, the tax obligations of which are the subject matter of this lawsuit. Smash Wrecking and/or Make Way Construction may pursue any lawful avenue of recourse they wish in order to challenge the actions taken against them by the IRS in assessing and/or collecting taxes, but they must do so through counsel, not through a non-lawyer who claims to be "affiliated" with them. Accordingly,

IT IS ORDERED that Magistrate Judge Hluchaniuk's R&R is accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that defendant's motion to dismiss [docket entry 16] is granted.

IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment [docket entry 18] is denied.

                                S/Bernard A. Friedman
Dated: April 19, 2010                 BERNARD A. FRIEDMAN
     Detroit, Michigan           SENIOR UNITED STATES DISTRICT JUDGE