UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH TAITT,

    Plaintiff,                                             Civil Action No. 09-CV-12576

vs.                                                          HON. BERNARD A. FRIEDMAN

SECRETARY, DEPARTMENT
OF TREASURY,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT AND FOR STAY OF PROCEEDINGS

This matter is presently before the court on plaintiff's motion for relief from judgment [docket entry 43] and plaintiff's motion for stay of proceedings [docket entry 44]. Pursuant to E.D. Mich. LR 7.1(f)(2), the court shall decide both motions without a hearing.

In an opinion and order issued on April 19, 2010, the court accepted the magistrate judge's report and recommendation and dismissed the complaint on the grounds that plaintiff, a non-lawyer, may not represent the corporate entities whose tax obligations are at issue in this case. In her motion for relief from judgment, plaintiff argues the court erred because "Rule 17(b) . . . defers the capacity to sue to the state laws" and "[t]he State of Michigan has established laws pertaining to the ability of officers of corporations and members of limited liability companies to represent them." Pl.'s Mot. at 2. This argument fails because "capacity to sue" (i.e., the ability of a person or entity to be a party to an action) has nothing to do with whether a party may appear *pro se* or, alternatively, must appear by counsel. Even assuming Smash Wrecking, Inc., and Make Way Construction, LLC have the capacity of sue, and assuming further that plaintiff, by operation of state law, can sue on their behalf (although they are not named as party plaintiffs in this action), this still

does not overcome the hurdle identified by the magistrate judge in his report and recommendation and by this court in its order of dismissal, namely, that all artificial entities, including corporations and limited liability companies, cannot appear in federal court except by counsel.

Plaintiff also argues that the court improperly dismissed the complaint because she also has asserted a claim under the Privacy Act. The gist of this claim is that the IRS's "exam file" of Smash Wrecking, Inc., and Make Way Construction contains "erroneous and illegal documents." Compl. at 5. This claim, like those discussed above, are part of plaintiff's overall challenge to the legality of the government's tax collection efforts vis-a-vis the corporate entities. Plaintiff cannot assert this claim on their behalf without counsel.

Plaintiff has also filed a motion to stay proceedings until the court resolves her motion for relief from judgment. As the court has now resolved the latter, the former is denied. Accordingly,

IT IS ORDERED that plaintiff's motion for relief from judgment [docket entry 43] is denied.

IT IS FURTHER ORDERED that plaintiff's motion for stay of proceedings [docket entry 44] is denied.

DATED: May 6, 2010

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on May 6, 2010.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager